Dear Executive Director Regier,
¶ 0 This office has received your request for an official Opinion in which you asked, in effect, the following question:
When a State employee is discharged because of a positiverandom drug testing result, what information can be released to apotential employer doing an employment check on such employee?
¶ 1 The Oklahoma Legislature has provided a statutory framework for the provision of employment records of State employees. We look first to the Oklahoma Open Records Act. 51 O.S. 1991 andSupp. 1996, §§ 24A.1-24A.22. While the Open Records Act, in general, requires records of public bodies to be open to public inspection and copying, the Legislature has provided that not all personnel records are open to the public:
A. A public body may keep personnel records confidential:
1. Which relate to internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation; or
2. Where disclosure would constitute a clearly unwarranted invasion of personal privacy such as employee evaluations, payroll deductions, employment applications submitted by persons not hired by the public body, and transcripts from institutions of higher education maintained in the personnel files of certified public school employees; provided, however, that nothing in this subsection shall be construed to exempt from disclosure the degree obtained and the curriculum on the transcripts of certified public school employees.
B. All personnel records not specifically falling within the exceptions provided in subsection A of this section shall be available for public inspection and copying including, but not limited to, records of:
1. An employment application of a person who becomes a public official;
2. The gross receipts of public funds;
3. The dates of employment, title or position; and
4. Any final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination.
51 O.S. Supp. 1996, § 24A.7[51-24A.7].
¶ 2 Section 24A.7, in regard to the termination of a State employee, requires only the final disciplinary action to be public. The investigation that preceded the termination may, pursuant to Section 24A.7, be kept confidential. This privilege of confidentiality has been extended a step further in the Standards for Workplace Drug and Alcohol Testing Act. 40O.S.Supp. 1996, §§ 551-565[40-551-565]. This act provides specifically that it is not to "be construed as requiring or encouraging employers to conduct drug or alcohol testing." 40 O.S. Supp. 1996, §553[40-553](A). Nevertheless, those employers who do conduct such tests, including State employers, are required to comply with confidentiality requirements of that act:
A. Employers shall maintain all drug and alcohol test results and related information, including, but not limited to, interviews, reports, statements and memoranda, as confidential records, separate from other personnel records. Such records, including the records of the testing facility, shall not be used in any criminal proceeding, or any civil or administrative proceeding, except in those actions taken by the employer or in any action involving the individual tested and the employer or unless such records are ordered released pursuant to a valid court order.
B. The records described in subsection A of this section and maintained by the employer shall be the property of the employer and, upon the request of the applicant or employee tested, shall be made available for inspection and copying to the applicant or employee. An employer shall not release such records to anyperson other than the applicant, employee or the employer'sreview officer, unless the applicant or employee, in writingfollowing receipt of test results, has expressly grantedpermission for the employer to release such records or pursuantto a valid court order.
 40 O.S. Supp. 1996, § 560[40-560] (emphasis added).
¶ 3 The provisions of Section 560 leaves no room for latitude by a State employer. Records of drug and alcohol tests must be kept confidential, except as specifically provided therein. 40O.S. Supp. 1996, § 560[40-560].
¶ 4 Your letter does not specify the type of employee records sought to be released by a State agency. Nevertheless, in light of clear statutory guidance, we opine that a State agency may release records authorized to be released by Section 24A.7 of the Open Records Act, except for drug and alcohol test records which must be kept confidential pursuant to 40 O.S. Supp. 1996, §560[40-560]. Because a statement regarding termination for failure of a drug test or a refusal to take such a test provides information about the test, we read Section 24A.7 of the Open Records Act as limited in regard to this information by Section 560 of Title 40. The State must be silent as to the reason for a drug or alcohol based termination.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When a State employee is discharged because of a positiverandom drug testing result, the State must disclose to apotential employer doing an employment check on the employee thatthe employee was terminated from State employment. 51 O.S.1991, § 24A.7(B). Records of an investigation supporting adisciplinary action against the employee may be keptconfidential. 51 O.S. 1991, § 24A.7[51-24A.7]. Records of drug andalcohol test results and related information must be maintainedseparately from other personnel records and must be keptconfidential. 40 O.S. Supp. 1996, § 560[40-560]. In the event drug oralcohol test results are found in otherwise disclosable personnelrecords, such information must be redacted. 40 O.S. Supp. 1996,§ 560[40-560]. See also 51 O.S. Supp. 1996, § 24A.5(2).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL